**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DOMINIQUE WIMBLEY,

    Petitioner,

vs.                                          Case No.:    3:18-cv-954-J-32JBT
                                                            3:17-cr-109-J-32JBT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Dominique Wimbley's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 4, Amended § 2255 Motion).[1] Petitioner pled guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a term of 40 months in prison. (Crim. Doc. 36, Judgment). In the Amended § 2255 Motion, Petitioner claims he was denied the effective assistance of counsel because counsel "did not move the Court to bring forth the missing evidence needed in my case for a fair argument" and failed to file a motion to suppress. (Civ. Doc. 4 at 4). The United States has responded in opposition. (Civ. Doc. 6, Response). Petitioner did not file a reply. Thus, the case is ripe for a decision.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See

---

[1] Citations to the record in the criminal case, United States vs. Dominique Wimbley, No. 3:17-cr-109-J-32JBT, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:18-cv-954-J-32JBT, will be denoted "Civ. Doc. __."

1

Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's Amended § 2255 Motion is due to be denied.

I.   **Background**

Petitioner was arrested after a police officer located him in a stolen vehicle that was emitting a strong odor of marijuana. (Presentence Investigation Report [PSR] at ¶¶ 10-11). The police officer had to forcibly remove Petitioner from the vehicle after Petitioner did not comply with the officer's instructions. (Id. at ¶ 11). Petitioner was carrying a stolen firearm in his waistband, and a further search of the vehicle revealed several baggies of marijuana and heroin, traces of cocaine, and other drug paraphernalia. (Id. at ¶¶ 11-13). Before the arrest, Petitioner had been convicted of several felony offenses in Duval County Circuit Court. (Id. at ¶¶ 14, 30-36).

A federal grand jury charged Petitioner with one count of possession of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Two). (Crim. Doc. 1, Indictment). Pursuant to a written plea agreement, Petitioner pled guilty to Count Two in exchange for the United States agreeing to dismiss Count One. (Crim. Doc. 24, Plea Agreement). Following a change-of-plea colloquy, the presiding Magistrate Judge recommended that "the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in

2

fact containing each of the essential elements of such offense." (Crim. Doc. 25, Report and Recommendation on Guilty Plea). The Court accepted the guilty plea and adjudicated Petitioner accordingly. (Crim. Doc. 27, Acceptance of Guilty Plea). The Court then sentenced Petitioner to a term of 40 months in prison, followed by a three-year term of supervised release. (Crim. Doc. 36, Judgment).

Petitioner did not appeal the conviction or sentence. Less than a year later, Petitioner timely initiated this § 2255 proceeding.

## II. Discussion

Under 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamental as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered on collateral review. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance was deficient, and (2) that as a result of counsel's

3

deficient performance, the petitioner suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). In determining whether counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To show that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Id. at 695. However, because both prongs are necessary, "there is no reason for a court... to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

Petitioner asserts that his appointed Federal Public Defender gave ineffective assistance by failing to file a motion to suppress and by failing to "move the Court to bring forth the missing evidence needed in my case for a fair argument." (Civ. Doc. 4 at 4). However, Petitioner does not describe what "the missing evidence" was or what it would have shown. Nor does Petitioner explain what grounds counsel had to file a

4

motion to suppress. "There is a strong presumption that counsel's performance was reasonable and adequate," Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005), and "[t]o overcome that presumption, 'a petitioner must establish that no competent counsel would have taken the action that his counsel did take,'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). As a result, a petitioner is not entitled to an evidentiary hearing, let alone relief, "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (internal quotation marks and citation omitted). Because Petitioner's conclusory allegations are not enough to overcome the strong presumption that counsel's performance was reasonable, Petitioner is not entitled to relief.

Additionally, Petitioner does not claim that counsel's alleged ineffectiveness rendered his guilty plea unknowing or involuntary. Indeed, the change of plea colloquy shows that Petitioner entered his plea knowingly and freely, and that he did so because he was in fact guilty of the charge. (Crim. Doc. 42, Plea Tr. at 6-25). Of particular relevance to his claims, Petitioner stated under oath that he had discussed possible defenses with his attorney, and that he understood he waived those defenses by pleading guilty:

> THE COURT: … By pleading guilty, you also waive and give up your right to trial, to confrontation and cross-examination of government witnesses, and to compulsory process for attendance of defense witnesses at trial.
>
> So there would be no trial and the next step would be sentencing.

5

Now, you may have defenses to the charges. But if you plead guilty, you waive and give up your right to assert any possible defenses.

Has your lawyer discussed with you any defenses that may be available to you?

DEFENDANT: Yes, sir.

THE COURT: By pleading guilty, you also waive and give up your right to challenge the way the Government obtained any evidence, statement, or confession.

In addition, by pleading guilty, you may lose the right to challenge on appeal any rulings which the Court has made in your case.

\*\*\*

So do you fully understand all the rights that you have and the rights that you waive and give up by pleading guilty?

DEFENDANT: Yes, sir.

(Id. at 9, 10). Toward the end of the plea colloquy, Petitioner also assured the Court that he was satisfied with his representation:

THE COURT: And you've been represented by Ms. Call. Have you discussed your case fully and explained everything you know about it to her?

DEFENDANT: Yes, sir.

THE COURT: Have you had enough time to talk with your lawyer or anyone else you care to about your case?

DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with your lawyer and the way she's represented you in this case?

DEFENDANT: Yes, sir.

THE COURT: Do you have any complaints about the way she's represented you?

DEFENDANT: No, sir.

6

(Id. at 23). Thus, Petitioner's sworn statements during the plea colloquy belie his current allegations that counsel conducted an inadequate pretrial investigation or was ineffective for not filing a motion to suppress.

"A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citation omitted). Thus, "[b]y pleading guilty, a defendant waives any ineffective assistance of counsel claim as it involved pre-plea issues." Edwards v. United States, No. 17-10322-D, 2018 WL 3586866, at *1 (11th Cir. Jun. 4, 2018) (order denying certificate of appealability) (citing Wilson, 962 F.2d at 997). See also Bullard v. Warden, Jenkins Corr. Ctr., 610 F. App'x 821, 824 (11th Cir. 2015) (petitioner waived claim that counsel was ineffective for not filing a motion to suppress where petitioner did not allege that counsel's failure rendered his guilty plea involuntary). But Petitioner's "claim of ineffective assistance is not about his decision to plead guilty." Wilson, 962 F.2d at 997. Rather, it is a conclusory allegation that counsel did not conduct an adequate pretrial investigation and that counsel should have moved to suppress certain evidence. These allegations do not suggest, contrary to the record, that Petitioner's guilty plea was unknowing or involuntary. Because Petitioner entered a knowing and voluntary guilty plea, he has waived his current allegations of pre-plea ineffective assistance of counsel.

### III.  Conclusion

The Court has considered Petitioner's claims on the merits but finds that none warrants relief under 28 U.S.C. § 2255. Accordingly, it is hereby **ORDERED**:

1. Petitioner Dominique Wimbley's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 4) is **DENIED**.

2. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in

forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of October, 2019.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner